UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ERNEST WOODRUFF, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:19-cv-00189-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. BARNHART, Warden | ) | **MEMORANDUM** |
| | ) | **OPINION** |
| Respondent. | ) | **&** |
| | ) | **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Ernest Woodruff is an inmate at the Federal Correctional Institution (FCI) in Manchester, Kentucky. Through his attorney, Woodruff filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] The Respondent then filed a response to that petition [R. 8], and Woodruff filed a reply brief [R. 9]. Thus, this matter is ripe for a decision. For the reasons set forth below, the Court will deny Woodruff's petition.

In 2005, Woodruff pled guilty to three counts of armed bank robbery, in violation of 18 U.S.C. § 2113, and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). *See United States v. Ernest Woodruff*, No. 1:05-cr-109-001 (E.D. Tenn. 2006). The district court then sentenced Woodruff to 78 months in prison on the three armed robbery counts, 84 months in prison on the first § 924(c) count, and 300 months in prison on the second § 924(c) count. *See id.* The court then ordered these sentences to run consecutively, for a total of 462 months in prison. *See id.* Woodruff did not appeal that judgment, and his subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful. *See id.*

Woodruff has now filed a § 2241 petition with this Court. [R. 1.] Among other things, Woodruff argues that his 462-month sentence runs afoul of his Fifth Amendment due process and

equal protection rights, and he suggests that his sentence is unlawful because it is inconsistent with the First Step Act of 2018. [*See id.*] Woodruff attaches evidence in support of his petition [*see* Rs. 1-1 through R. 1-3], and he ultimately asks this Court to correct what he calls his "illegal sentence." [R. 1-1 at 26.]

Woodruff's § 2241 petition, however, constitutes an impermissible collateral attack on his convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Woodruff cannot use a § 2241 petition as a way of challenging his convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law from the Supreme Court establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Here, Woodruff has not made such a showing. In fact, Woodruff has not clearly identified any intervening change in statutory law from the Supreme Court. Instead, Woodruff cites the First Step Act, but the Sixth Circuit has made it clear that this law's revision of § 924(c) does *not* apply retroactively to an offender like Woodruff whose sentence was imposed before December of 2018.

*United States v. Holmes*, 797 F. App'x 912, 917 (6th Cir. 2019); *see also Cheshier v. United States*, No. 6:18-cv-260-CHB, 2019 WL 2041283, at *4 (E.D. Ky. May 8, 2019) (explaining that the relevant provision of the First Step Act does not apply retroactively to the petitioner's case). Thus, Woodruff's reliance on the First Step Act is unavailing. And while Woodruff also points to his Fifth Amendment due process and equal protection rights, his constitutional arguments are simply not proper in a § 2241 petition.

In light of the foregoing analysis, it is **ORDERED** as follows:

1. Woodruff's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 30th day of April, 2021.

Gregory F. Van Tatenhove
United States District Judge